STANDARD FASHION CO. v. WEINSTOCK.

(Supreme Court, Appellate Term.   June 30, 1908.)

SALES—FRAUD—ACTION FOR PRICE—PLEADING.

In an action for goods sold and delivered under a written contract, an answer alleging that defendant was induced to sign the contract by reason of misrepresentations and fraud of plaintiff's agent, but which does not set forth the alleged false and fraudulent representations, is insufficient as a defense of fraud.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 43, Sales, § 1015.]

Appeal from Municipal Court, Borough of Manhattan, First District.

Action by the Standard Fashion Company against Jennie Weinstock. From a judgment for defendant, plaintiff appeals. Reversed, and new trial ordered.

Argued before GILDERSLEEVE, P. J., and MacLEAN and SEABURY, JJ.

James B. Sheehan, for appellant.
Alfred J. Talley, for respondent.

PER CURIAM. The judgment recovered in this action rests upon a very insecure foundation. The action was brought to recover damages for goods sold and delivered by the plaintiff to the defendant under a written contract made between the parties. The defendant denied the delivery of all the goods which the plaintiff claimed to have delivered, and defended upon the ground that she was induced to sign the contract by reason of the misrepresentations and fraud of the plaintiff's agent. The jury returned a verdict in favor of the defendant.

The answer contained general allegations of fraud and misrepresentation, but did not set forth the alleged false and fraudulent representations, or plead the facts upon which this defense was based. The alleged defense set up in the answer was insufficient, and the plaintiff's motion to strike it out should have been granted. The evidence of the defendant as to the alleged fraud was as general and indefinite as the allegations of her answer. The evidence in this record is wholly insufficient to support the verdict which was rendered.

Judgment reversed, and new trial ordered, with costs to appellant to abide the event.